UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA LOCKRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:16-cv-3227 |
| | ) |
| CNO SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Debra Lockridge ("Lockridge"), by counsel, brings this action against Defendant, CNO Services, LLC ("Defendant"), and shows as follows:

**OVERVIEW**

1.  This is an employment discrimination action (disability) brought by Lockridge against Defendant alleging that she was discriminated against because of one or more of her disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

**PARTIES**

2.  At all relevant times Lockridge lived in the Southern District of Indiana.

3.  Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4.  Lockridge, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Lockridge was and is disabled as that term is defined by the ADA.

5.  Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

1

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Lockridge properly exhausted her administrative remedies when she timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination. A notice of suit rights was issued on Lockridge brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

8. Lockridge began her employment with Defendant in or about June 2006. Her most recent job before her termination in May 2013 was Business Analyst working in Defendant's Claims Department.

9. At all time Lockridge met or exceeded Defendant's legitimate expectations of performance. Defendant gave Lockridge a favorable review and a pay increase in early 2013.

10. In or about November 2012, Lockridge told Defendant she had a disability. In December, an agreement was reached that Defendant would give Lockridge the reasonable accommodation of working remotely beginning January 2013. Defendant approved this arrangement.

11. During the latter half of 2012, Defendant was aware that Lockridge was taking medication to mitigate pain associated with her disability. Despite being aware of the concern, Defendant permitted Lockridge to work in the office under the influence of the pain medication.

Upon information and belief, other, non-disabled employees were also permitted to work in the office while under the influence of narcotics.

12. Lockridge successfully performed her job from home – under Defendant's supervision – in January and February.

13. Nevertheless, Defendant revoked Lockridge's reasonable accommodation. It would not allow Lockridge to report to work under the influence of any pain medication or to work remotely.

14. Upon information and belief, other non-disabled employees are allowed to work from home.

15. Lockridge's accommodation requests were necessary for her to be able to perform her job. She engaged in the interactive process to explore possible solutions, but Defendant failed to provide Lockridge any reasonable accommodation.

16. Instead, Defendant terminated Lockridge effective May 27, 2013. Despite Lockridge's declining condition, she could performed the essential functions of her position if Defendant had provided one or more reasonable accommodations to her.

17. Lockridge has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

18. Lockridge incorporates by reference paragraphs one (1) through seventeen (17).

19. Lockridge was denied any accommodation, reasonable or otherwise, without explanation.

20. Defendant failed to fully engage in the interactive process.

21. Defendant discriminated against Lockridge by removing her from her position and terminating her employment.

22. Lockridge has been harmed by Defendant's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Debra Lockridge, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a) An Order awarding Lockridge the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b) An Order awarding Lockridge compensatory and punitive damages for an intentional violation of her rights (if found) as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
3091 East 98th Street, Suite 280
Indianapolis, Indiana 46280
Telephone: (317) 500-0700
Facsimile: (317) 623-8503
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues deemed triable.

                                  Respectfully submitted,

                                  <u>s/ Christopher S. Wolcott</u>
                                  Christopher S. Wolcott (#23259-32)
                                  The Wolcott Law Firm LLC
                                  3091 East 98th Street, Suite 280
                                  Indianapolis, Indiana 46280
                                  Telephone:    (317) 500-0700
                                  Facsimile:    (317) 623-8503
                                  E-Mail:  indy2buck@hotmail.com

                                  Attorney for Plaintiff